IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA (ST. PAUL)

In Re:
ASHLEY NICOLE SMITH,

    Debtor.

In Proceeding Under Chapter 7

Bankruptcy Case No. 23-31473

ASHLEY NICOLE SMITH,
    Plaintiff,
vs.

U.S. DEPARTMENT OF EDUCATION,
    Defendant.

Adversary No.

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Ashley Nicole Smith ("Plaintiff") formerly known as Ashely Nicole Rialson, by and through undersigned counsel, for her complaint against the U.S. Department of Education ("Defendant" or "USDOE"), respectfully alleges as follows:

### JURISDICTION

1. On July 26, 2023, Plaintiff filed a voluntary petition (the "Petition") for no-asset bankruptcy relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Minnesota.

2. On November 7, 2023, the Court entered the Order of Discharge (the "Discharge").

3. This is an adversary proceeding in which Plaintiff seeks a determination as to the dischargeability of debt owed by Plaintiff to Defendant under Bankruptcy Code § 523(a)(8).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § 523.

5.  This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and Plaintiff consents to the entry of final orders or judgments by the bankruptcy court.

## PARTIES

6.  Plaintiff, Ashely Nicole Smith, is an individual living in Marshall, Minnesota, and is the debtor in the underlying bankruptcy case.

7.  Defendant DOE is a federal government agency that oversees and originates federal student loans ("Direct" loans).  It is the originator and holder of the loans at issue and is a creditor in the underlying bankruptcy case.

## STATEMENT OF FACTS

8.  Between 2015 and 2018, Plaintiff applied for and received Direct loans to attend Ashford University ("Ashford"), where she received a Bachelor of Science degree in psychology and a Master of Arts degree in health care administration.

9.  Upon information and belief, Plaintiff owes approximately $126,000 in Direct loans to Defendant.

10. Plaintiff's goal while attending school was to become a mental health counselor.

11. Upon information and belief, Minnesota requires a minimum number of supervised working hours in the field of alcohol and drug counseling before an applicant is eligible for certification in the state.  At the time of filing her Petition, Plaintiff had made little to no progress in fulfilling those hours because the rate of pay for uncertified counselors-in-training was too low for Plaintiff to work in that field while supporting her family.

12. When Plaintiff graduated from Ashford, she was married, had two young children at home (ages 8 and 5), and was pregnant with her third child.  Plaintiff's second child ("SC") was diagnosed with Failure to Thrive syndrome at an early age and was later diagnosed with Chiari

Malformation, Neurogenetic Bladder and Hypotonia Cerebral Palsy: conditions that required extraordinary care and treatment.

13. To provide SC with the extraordinary care he needed, Plaintiff put her career aspirations on hold and worked jobs that afforded Plaintiff enough flexibility in her schedule to care for her son.

14. SC's conditions will persist throughout his childhood and teenage years, and will likely persist into adulthood, requiring ongoing personal and financial sacrifice from Plaintiff.

15. For years, Plaintiff's family struggled financially while doing everything in their means to make ends meet, including taking on debt.

16. Under this strain, Plaintiff's marriage suffered and in 2023 Plaintiff and her husband divorced.

17. When Plaintiff filed for bankruptcy protection in July of 2023, Plaintiff had four (4) young children at home and worked two jobs that barely paid the bills.

18. Schedules I and J of Plaintiffs' Petition indicate a net income of $1.00 each month after deducting necessary household expenses from Plaintiffs' income. Plaintiff lives frugally with the money she earns and has limited her living expenses as best possible given her limited income.

19. Upon completion of her bankruptcy, Plaintiff still owed significant student loan debt, the repayment of which will cause undue financial strain and hardship on Plaintiff and her family.

## COUNT ONE
(Determination of Dischargeability under 11 U.S.C. § 727)

20. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 19 of this Complaint as set forth above.

21. Bankruptcy Code section 727(b) states, "Except as provided in section 523 of this title, a discharge under section (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter…"

22. "Under Bankruptcy Code section 523(a)(8), student loan debt is excepted from discharge unless excepting the debt from discharge imposes an undue hardship on the debtor." *Bell v. U.S. Dep't of Educ.* (*In re Bell*), 633 B.R. 164, 171 (Bankr. W.D. Va. 2021).

23. The Code does not define "undue hardship," but the Eighth Circuit Court of Appeals has adopted the totality-of-the-circumstances approach to the "undue hardship" inquiry. *In re Long*, 322 F.3d 549.

24. An evaluation under the *Long* approach looks at three factors to consider:

    a. The debtor's past, present, and reasonably reliable future financial resources,

    b. A calculation of the debtor's and her [his] dependent's reasonable necessary living expenses, and

    c. Any other relevant facts and circumstances surrounding each particular bankruptcy case. *Id*. at 554.

25. Here, Plaintiff is financially unable to maintain a minimal standard of living for her and her four children if the student loans at issue are not discharged and she remains liable to make monthly payments towards those loans. Plaintiff's current and future earning capacity is limited by her lack of certification as a drug and alcohol counselor in the state of Minnesota. Moreover, Plaintiff is divorced and cares for four children under the age of fourteen, one of whom suffers from health complications that require extraordinary care and expense.

26. For the reasons above, Plaintiff's student loans are qualified to be discharged under a totality-of-the-circumstances evaluation, as repayment of these loans would cause an undue hardship to Plaintiff and her dependents.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order finding that the Loans are not excepted from discharge pursuant to 11 U.S.C. § 523(a)(8) and to grant any other and further relief as the Court deems just and proper.

**DATED**: May 27, 2025

**NEELEY LAW FIRM, PLC**

*s/ Kenneth L. Neeley*
Kenneth L Neeley, 025899
Neeley Law
1120 S. Dobson Rd., Ste 230
Chandler, AZ  85286
Tel: 480-802-4647
ecf@neeleylaw.com
*Attorney(s) for Plaintiff*


*s/Jeffrey J. Bursell*
Jeffrey Bursell
**Solvent Law PLLC**
P.O. Box 10860
St. Paul, MN 55110
Tel: 651.371.4026
Attorney Reg: MN 0293362
jeff@solventlaw.com
*Co-counsel for Debtor*